The plaintiff's real complaint consists of the fact that it is aggrieved because a value for the reflector has been found which the plaintiff believes to be too high. Litigation on such an issue cannot take place in a protest but only under an appeal for reappraisement. * * * In the absence of such appeal for reappraisement the decision of the appraiser on the respective values of the lenses and the reflector is now final and conclusive.

What is before the court now is a protest in which claim is made that the reliquidation is void because based upon an alleged invalid appraisement. Inasmuch as the validity of the alleged appraisement, or decision of the appraiser, is not before the court, and if it was there is not any evidence to support such alleged illegality, we must overrule the protest.

The protest is overruled. Judgment accordingly.

CONCURRING OPINION

BROWN, Judge: I concur upon the ground that the separation of values by the appraiser on January 4, 1937, to conform to the mandate of this court, amounted to an appraisement within the view of our court of appeals as expressed for action in such circumstances in *United States* v. *Murphy & Co.*, 16 Ct. Cust. Appls. 461, T. D. 43210, and *United States* v. *John Wanamaker*, 20 C. C. P. A. 381, T. D. 46185, provided the importer had actual notice or knowledge thereof.

That he did, seems clear from the fact that he filed his present protest on March 5, 1937, which was within the sixty days in which he could have appealed to reappraisement to test the amounts of such separation between the two articles as made by the appraiser on instructions from the collector in order to conform to the mandate of this court in Abstract 33380, 69 Treas. Dec. 1179.

No. 40278.—Protests 726047–G, etc., of W. M. Crombie & Co., Inc. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of *Myers* v. *United States* (T. D. 49530) the claim was sustained that duty was taken on the basis of board measurement in excess of the actual measurement of the imported lumber.

No. 40279.—Protest 668664–G of Maritime Inspecting & Forwarding Co., Inc. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of *Myers* v. *United States* (T. D. 49530) the claim was sustained that duty was taken on the basis of board measurement in excess of the actual measurement of the imported lumber.

No. 40280.—Protests 738228–G, etc., of Geo. S. Bush & Co., Inc., et al. (Seattle).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of teak squares similar to those passed upon in *Mitsui* v. *United States* (T. D. 47761). The protests were therefore sustained.

No. 40281.—Protests 956554–G, etc., of L. Bamberger & Co. (New York).